Filed 9/8/23  P. v. Davis CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT VONROSKI DAVIS,<br><br>    Defendant and Appellant. | A166657<br><br>(Contra Costa County<br> Super. Ct. No. 59410648) |

In 1994, defendant Robert Vonroski Davis was convicted by a jury of the first-degree murder of one victim (Pen. Code §187; all further statutory references are to this code) (count one) and the willful, deliberate and premeditated attempted murder of a second victim (§§ 187, 664) (count two), with true findings that Davis personally used a firearm and had sustained a prior conviction.  (§§ 667, subd. (a); 12022.5, subd. (a).)  Davis was sentenced to consecutive terms of 35 years to life (count one) and a life term plus five years (count two).  His convictions and sentences were affirmed by our colleagues in Division Four.  (*People v. Davis* (April 24, 1996, A070153) [nonpub. opn.].)

In April 2022, Davis filed a petition for resentencing pursuant to section 1172.6.[1]  After counsel was appointed and supplemental briefing was

---

[1]    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no substantive changes in the statute.  (Stats. 2022,

filed, the superior court summarily denied the petition on the basis that the jury instructions established Davis was not eligible for section 1172.6 relief as a matter of law.[2] Davis's appointed appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*); the brief raises no specific contentions but suggests we conduct an independent review of the record at our discretion. Relying on *Delgadillo*, we informed Davis of his right to file a supplemental letter or brief and he has filed such a letter.

In his supplemental letter, Davis asks us to consider the following facts in support of his request for a resentencing hearing: he was not the person who committed these crimes, there was no weapon, there were no fingerprints that belonged to him, and the attempted murder victim (the "sole key" to his conviction) was on tape attempting to bribe Davis for truthful testimony. However, a posttrial motion for resentencing under section 1172.6 does not permit this court to reexamine all aspects of a conviction. It only permits us to determine whether a defendant was previously convicted on a legal theory that is no longer valid. (§ 1172.6, subd. (a).)

Effective January 1, 2019, Senate Bill No. 1437 (SB 1437) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a

---

ch. 58, § 10 (2021–2022 Reg. Sess.) Throughout this opinion, we cite to section 1172.6 for ease of reference.

[2] The petition only sought resentencing of Davis's murder conviction. However, at the time the petition was filed, Senate Bill No. 775 (SB 775) (2021–2022 Reg. Sess.) had been enacted, expanding eligibility for relief to include individuals convicted of attempted murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime. (Stats. 2021, ch. 551, §2; eff. January 1, 2022.) Accordingly, the superior court considered the petition seeking resentencing to include a request as to both the murder and attempted murder convictions, as do we on appeal.

2

person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*)[3].) The Legislature accomplished this in part by substantively amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Effective January 1, 2022, SB 775 expanded eligibility for resentencing relief to include persons charged and/or convicted of *attempted* murder under a theory of felony murder or the natural and probable consequences doctrine. (§ 1172.6, subd. (a); *People v. Porter* (2022) 73 Cal.App.5th 644, 650–652.)

In assessing whether a defendant is entitled to resentencing due to a conviction based on a no longer valid legal theory, the trial court may consider the jury instructions provided at trial. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 (*Daniel*), review granted Feb. 24, 2021, S266336, reviewed dismissed Dec. 1, 2021 [jury instructions may be consulted in determining whether a defendant is statutorily eligible for resentencing under § 1172.6].) Here, the jury was not given any instructions involving felony murder, or the imputation of malice under accomplice liability (such as the natural and probable consequences doctrine). Nor was the jury instructed on any underlying felony which could have been the basis for felony murder liability, or any target crime which could have been the basis for liability under the natural and probable consequences doctrine. Rather, the jury was instructed using CALJIC Nos. 8.10, 8.11, and 8.20, the instructions on murder and first-degree murder, and CALJIC Nos. 8.66 and 8.67, the instructions on willful, deliberate, and premeditated attempted

---

[3] *Gentile* was abrogated in part on another point by statute as stated in *People v. Williams* (2022) 86 Cal.App.5th 1244 at page 1252, footnote 9.

3

murder. Those instructions informed the jury that to convict Davis of first-degree murder and willful, deliberate, and premeditated attempted murder the jury had to find he harbored actual malice i.e., a "clear and deliberate intent to kill" both victims.

Hence, the superior court appropriately found Davis was not entitled to resentencing as a matter of law as the trial court instructions showed the jury relied on – and the defendant's murder and attempted murder convictions necessarily rested on – the theory of actual malice, a theory of liability unaffected by section 1172.6. Because actual malice remains a valid theory of murder and attempted murder under the new law as amended by SB 1437, Davis cannot meet the statutory eligibility requirement for resentencing. (§ 1172.6, subd. (a)(3) [eligibility requires that defendant "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019"]; see *Daniel*, *supra*, 57 Cal.App.5th at p. 667 [if jury was not instructed on either the natural and probable consequences or felony murder doctrines, then the petition must be denied without issuance of an order to show cause]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055–1059 (*Soto*)[4] [petition subject to denial as a matter of law where petitioner's murder conviction is necessarily based on theory of actual malice].)

## DISPOSITION

The October 21, 2022 order denying the petition for resentencing is affirmed.

---

[4]      *Soto* was overruled on another point in *Lewis*, *supra*, 11 Cal.5th 952 at page 957.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

A166657/*People v. Davis*